UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARION PARHAM,            ) | |
|     Plaintiff,            ) | |
|                           ) | |
| v.                        ) | Case No. 1:25-cv-01209-SEM |
|                           ) | |
| RODNEY ALFORD *et al.*,   ) | |
|     Defendants.           ) | |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Motion for Counsel (Doc. 5), and a Motion to Amend Complaint (Doc. 6) filed by Plaintiff Marion Parham, an inmate at Western Illinois Correctional Center ("WICC").

Plaintiff's pleading is dismissed for failure to state a claim for relief. Plaintiff's Motions to Amend Complaint and for counsel are denied for the following reasons.

### I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C.

§ 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's Complaint alleges constitutional violations at Pontiac Correctional Center against Defendants Alford and Wexford Health Sources, Inc. ("Wexford).

Plaintiff asserts that from the day he entered Pontiac, Defendant Alford knew about Plaintiff's "medical need" but was made to suffer for over a year after Plaintiff's "bad accident [to] his back." (Pl. Compl., Doc. 1 at 5.) Plaintiff does not mention Wexford.

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need

only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in

*Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not assert a plausible claim against Defendant Wexford, as he does not allege any facts that establish or permit the inference that Wexford is liable under any of the three bases mentioned. *See Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) ("To hold defendants liable under § 1983 and *Monell*, [a plaintiff] must demonstrate that the defendants' 'official policy, widespread custom, or action by an official with policy-making authority was the "moving force" behind his constitutional injury.'") (quoting *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016)).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Here, Plaintiff's vague and conclusory allegation that Defendant Alford was deliberately indifferent is insufficient to state a plausible deliberate indifference to medical need claim under the Eighth Amendment.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without referring to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the persons involved. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

II.   **MOTIONS FOR LEAVE TO FILE AND FOR COUNSEL**

Plaintiff's Motion to Amend (Doc. 6) seeks to add a Defendant to

his existing Complaint, which this Court denies for the reasons stated regarding piecemeal amendments to pleadings.

Plaintiff has no constitutional right to counsel, and the Court cannot mandate an attorney accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 5) and Motion to Amend (Doc. 6) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **Plaintiff has thirty days from the entry of the Court's Order to file a Motion for Leave to File an Amended Complaint that complies with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 31, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE