UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **MARION PARHAM,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01209-SEM |
| ) | |
| **RODNEY ALFORD** *et al.*, ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 13) under 42 U.S.C. § 1983 filed by Plaintiff Marion Parham, an inmate at Western Illinois Correctional Center ("WICC").

The Court grants Plaintiff's motion and concludes that Plaintiff's pleading states an Eighth Amendment deliberate indifference claim for relief.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. ALLEGED FACTS

Plaintiff's Complaint alleges constitutional violations at Pontiac Correctional Center ("Pontiac") against Defendants Rodney Alford, Pontiac's Warden, and Wexford Health Sources, Inc. ("Wexford).

Plaintiff asserts that he has a spinal disease and a bulging disk that causes pain for which he has received physical therapy but requires surgery. Plaintiff states that Defendant Alford was "fully advised" of his medical need but denied referring him to a hospital.

## III. ANALYSIS

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite including the Pontiac warden, whom Plaintiff does not identify, as a Defendant, he does not include any facts that permit the Court to infer a constitutional violation. Thus, Plaintiff fails to state a plausible claim against the Pontiac warden.

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas*

*v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not assert a plausible claim against Defendant Wexford, as he does not allege any facts that establish or permit the inference that Wexford is liable under any of the three bases mentioned. *See Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) ("To hold defendants liable under § 1983 and *Monell*, [a plaintiff] must demonstrate that the defendants' 'official policy, widespread custom, or action by an official with policy-making authority was the "moving force" behind his constitutional injury.'") (quoting *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016)).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's account is sufficient to state a plausible deliberate indifference to medical need claim under the Eighth Amendment against Defendant Alford.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Alford. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

2) The Court directs the Clerk of the Court ("Clerk") to dismiss Wexford Health Sources, Inc. as a party.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not

be maintained in the public docket nor disclosed by the Clerk.

6) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in

**mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

10) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED November 12, 2025.


s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE